IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| TARA BRIDGE APARTMENTS,<br><br>    Plaintiff,<br><br>v.<br><br>SHAKETA CUSHMAN-STEWART,<br>*And All Other Occupants*,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:18-cv-5471-LMM-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Shaketa Cushman-Stewart's application for leave to proceed *in forma pauperis* ("IFP") on her notice of removal of a state dispossessory action to this Court. [Doc. 1.] Cushman-Stewart has not signed her application for leave to proceed IFP. Moreover, the income and expense entries typed on her application are identical to items listed on several other IFP applications that have been submitted to the Court recently. *See, e.g.*, N.D. Ga. 1:18-cv-4909-ODE-JKL; N.D. Ga. ECF No. 1:18-cv-4845-LMM. Without more information and a properly completed IFP application, the Court cannot conclude that Cushman-Stewart meets the requirements for proceeding IFP pursuant to 28

U.S.C. § 1915(a).  Nevertheless, because it is clear that this Court does not have subject matter jurisdiction over the removal action, and to avoid further delay of these proceedings, I **GRANT** her request to proceed IFP for the limited purpose of remand.  I also **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Clayton County.

In the underlying dispossessory action, Plaintiff Tara Bridge Apartments alleged that Cushman-Stewart failed to pay the rent for leased premises in Clayton County.  [Doc. 1-1 at 11.]  Tara Bridge Apartments demanded possession of the premises, past due rent of $1,278.32, current rent accruing at a rate of $29.03 each day, and $407 in various other fees.  [*Id.*]

In her notice of removal, Cushman-Stewart argues that the Court has federal question, diversity, and supplemental jurisdiction over the action.  [Doc. 1-1 at 1-3, 5.]  She also relies on the federal courts' multiparty, multiforum jurisdiction and their jurisdiction over civil rights cases under 28 U.S.C. § 1443.  [*Id.* at 1, 5-6.]  Moreover, Cushman-Stewart alleges, her rights to a jury trial, to a fair trial, and to equal protection have been violated in state court.  [*Id.* at 5 & n. 1.]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

2

defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 11.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Cushman-Stewart wishes to raise counterclaims based on constitutional rights and federal statutes, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

It is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). Tara Bridge Apartments' dispossessory claim against Cushman-Stewart cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum

for purposes of determining the amount in controversy). Further, the demand for rent was well below $75,000. Thus, the amount in controversy in § 1332(a) is not met. *See* 28 U.S.C. § 1332(a).

Regarding Cushman-Stewart's argument that this Court has jurisdiction over the dispossessory case under the provisions in § 1443 for the removal of civil rights cases, § 1443(1) provides that a defendant may remove a case initiated in state court if she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under § 1443(1) must show that the right on which the defendant relies arises under federal law "providing for specific civil rights stated in terms of racial equality," and the defendant has been denied or cannot enforce that right in state court. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

To the extent that Cushman-Stewart seeks to proceed under § 1443(1), she argues that she was denied a jury trial in state magistrate court and generally cites her rights to equal protection and a fair trial. [Doc. 1-1 at 5 & n.1.] These assertions cannot support a claim for removal because § 1443(1) only applies to "specific civil rights stated in terms of racial equality." *See Conley*, 245 F.3d at 1295; *see also id.*

4

at 1295-96 ("[A] defendant's right to a fair trial and equal protection of the laws . . . do[es] not arise from legislation providing for specific civil rights in terms of racial equality[.]  Therefore, to the extent [that petitioner] relies upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)." (quotation omitted)).

Cushman-Stewart also cannot proceed under § 1443(2), which provides a right of removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2).  The Supreme Court has held that the first clause in § 1443(2)—referring to "any act under color of authority"—confers the right to remove only upon "federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).  The second clause—referring to the refusal "to do any act on the ground that it would be inconsistent with such law"—allows removal by state officers. *Id.* at 824 n.22.  Cushman-Stewart's reliance on § 1443(2) is therefore misplaced, because she has neither alleged nor shown that she is a federal or state officer or is working for one.  *See id.* at 824 & n.22.  Finally, nothing in the

record suggests that this case involves a mass casualty accident for purposes of proceeding under the multiparty, multiforum provisions in 28 U.S.C. §§ 1369 and 1441(e), and Cushman-Stewart cannot rely on supplemental jurisdiction because this Court does not have original jurisdiction over the removal action. *See* 28 U.S.C. § 1367(a).

In sum, the Court **GRANTS** Cushman-Stewart's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Clayton County.

IT IS SO ORDERED AND RECOMMENDED this 10th day of December, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge